Justin A. Brackett, #9954
515 Ward Avenue
Honolulu, HI 96814
Phone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

Bellin & Associates LLC
Aytan Y. Bellin (*Pro Hac Vice Motion to Be Filed*)
85 Miles Avenue
White Plains, NY 10606
Phone: 914-358-5345
Fax: 212-571-0284
Email: aytan.bellin@bellinlaw.com

*Attorneys for the Plaintiff and the Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **SHANE IOANE,** on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>    vs.<br><br>**MRS BPO LLC a/k/a MRS ASSOCIATES OF NEW JERSEY**<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO._1:20-CV-40<br><br>CLASS ACTION COMPLAINT; EXHIBIT A; VERIFICATION<br><br>JURY TRIAL REQUESTED |

## CLASS ACTION COMPLAINT

Comes now Shane Ioane ("Mr. Ioane" or "Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

1.     Plaintiff is bringing this class action against MRS BPO LLC a/k/a MRS ASSOCIATES OF NEW JERSEY ("MRS ASSOCIATES" and/or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder (the "TCPA"), and for Defendant's violations of the Fair Debt Collection Practices Act,  15 U.S.C. § 1692 et seq. (the "FDCPA").

2.     Defendant, using an automatic telephone dialing system, delivered text messages to Plaintiff's cell phone without Plaintiff's prior express consent, attempting to collect a debt Plainitff allegedly owed.  These text messages violated the TCPA, which prohibits the sending of any text messages to a cellular telephone using an automatic telephone dialing system without the prior express consent of the person to whom the text message is sent.

3.     Upon information and belief, for the past four years Defendant has sent thousands of identical or substantially similar text messages, using an automatic telephone dialing system, to cellular telephones of thousands of persons throughout the United States without obtaining the persons' prior express consent.

4.      Defendant also failed to send Plaintiff a notice of his federal rights to dispute the debt pursuant to 15 U.S.C. §1692g.

5.      Upon information and belief, over the past year, Defendant has made thousands of identical or substantially similar text messages to thousands of consumers throughout the United States and then failed to send those consumers a notice of their federal rights to dispute the alleged debts pursuant to 15 U.S.C. §1692g within five days of transmitting the initial communication.

6.      Accordingly, Plaintiff is bringing this class action.

## PARTIES

7.      Mr. Ioane is a citizen and resident of the State of Hawaii.

8.      Upon information and belief, MRS ASSOCIATES is a non-governmental corporation organized under the laws of the United States of America with its principal place of business in the State of New Jersey.  MRS ASSOCIATES can be served through its registered agent in Hawaii, Cogency Global Inc., at 1188 Bishop Street, Suite 2212, Honolulu, Hawaii 96813.

## JURISDICTION AND VENUE

9.      This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331, 47 U.S.C. § 227, and 15 U.S.C. § 1692.

10.     This Court has personal jurisdiction over Defendant and venue is proper under 28 U.S.C. § 1391(b)(2) because (1) Defendant does business in this

District, and (2) a substantial part of the events giving rise to Plaintiff's claims

occurred here, including Plaintiff's receipt of the unconsented-to text messages that

Defendant sent or caused to be sent to Plaintiff's cellular phone using an automatic

telephone dialing system.

## STATUTORY BACKGROUND

### The Telephone Consumer Protection Act of 1991

11.     The TCPA was passed into law in 1991. The TCPA regulates and

restricts the use of automatic telephone equipment.

12.     The TCPA defines the term "automatic telephone dialing system" as

"equipment which has the capacity--  (A) to store or produce telephone numbers to

be called, using a random or sequential number generator; and  (B) to dial such

numbers." 47 U.S.C. § 227(a)(1).  *Accord* 47 C.F.R. § 64.1200(f)(2).

13.     The TCPA protects consumers from unwanted calls and text messages

that are made with auto dialers and with prerecorded messages.

14.     Specifically, 47 U.S.C. § 227(b) provides:

(1) **Prohibitions** It shall be unlawful for any person within the United States,

or any person outside the United States if the recipient is within the United

States—

        (A) to make any call (other than a call made for emergency purposes

or made with the prior express consent of the called party) using any

4

automatic telephone dialing system … (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

15.    Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

### The Fair Debt Collection Practices Act

16.    15 U.S.C. § 1692g provides:

**(a)Notice of debt; contents**:    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained

in the initial communication or the consumer has paid the debt, send
the consumer a written notice containing—

**(1)**   the amount of the debt;

**(2)**   the name of the creditor to whom the debt is owed;

**(3)**   a statement that unless the consumer, within thirty
days after receipt of the notice, disputes the validity of
the debt, or any portion thereof, the debt will be
assumed to be valid by the debt collector;

**(4)**   a statement that if the consumer notifies
the debt collector in writing within the thirty-day
period that the debt, or any portion thereof, is
disputed, the debt collector will obtain verification of
the debt or a copy of a judgment against
the consumer and a copy of such verification or
judgment will be mailed to the consumer by
the debt collector; and

**(5)**   a statement that, upon the consumer's written request
within the thirty-day period, the debt collector will
provide the consumer with the name and address of
the original creditor, if different from the
current creditor.

## <u>MRS ASSOCIATES' Illegal Conduct</u>

17.   Upon information and belief, on March 28, 2019, April 3, 2019, April
11, 2019, April 17, 2019, and April 25, 2019, Defendant, without Plaintiff's prior
express consent, used an automatic telephone dialing system, within the meaning of
the TCPA, to make, initiate and/or caused to be initiated a telephone call to
Plaintiff's cellular telephone number to deliver text messages, (the "Text
Messages"), copies of which are attached hereto as Exhibit A and incorporated
herein by reference.

18.     The Text Messages all read as follows: "Please contact MRS Assoc. regarding a Verizon Wireless matter at (855) 847-0658. This is an attempt to collect a debt and any information obtained will be used for that purpose. MRS is a debt collector. Further details have been mailed or emailed. Please review your email inbox, junk, or spam folder. Prefer to chat? Visit us at www.mrsbpo.com and chat with a representative. To see important rights and information, click http://www.mrsbpo.com/state-disclosures."

19.     Plaintiff had no previous contact or dealings whatsoever with Defendant before receiving the text messages described above and Plaintiff never provided prior express consent to Defendant to send Plaintiff the Text Messages using an automatic telephone dialing system.

20.     Plaintiff believes that Defendant used an automatic telephone dialing system within the meaning of the TCPA to send Plaintiff the text messages because the text messages were generic, impersonal and aimed at a mass audience.

21.     Defendant communicated with Plaintiff at least five times, but Plaintiff has never received a notice of his federal rights to dispute the debt pursuant to 15 U.S.C. §1692g from Defendant.

22.     Upon information and belief, Defendant is not collecting a debt owed to or guaranteed by the United States.

23.     Plaintiff suffered concrete harm as a result of the above text messages in that the text messages invaded Plaintiff's privacy, disturbed Plaintiff's solitude, and wasted Plaintiff's time.

24.     Upon information and belief, over the last four years, Defendant, using an automatic telephone dialing system within the meaning of the TCPA, delivered text messages, identical or substantially similar to the messages described above that Defendant left for Plaintiff, to thousands of other persons.

25.     Upon information and belief, for the past year, Defendant has sent thousands of text messages to thousands of persons throughout the United States and then failed to send those persons a notice of their federal rights to dispute the alleged debts as required by 15 U.S.C. §1692g.

## **CLASS ALLEGATIONS**

26.     Plaintiff brings this class action on behalf of himself and all others similarly situated, under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure, for Defendant's violations of the TCPA and FDCPA.

27.     Plaintiff seeks to represent a class of thousands of individuals ("the TCPA Class") defined as follows:

All persons in the United States, from four years prior to the filing of the instant Complaint through the date of the filing of the instant Complaint, to whom

Defendant used an automatic telephone dialing system to send an identical or substantially similar text message to that received by Plaintiff.

28.     Plaintiff seeks to represent a class of thousands of individuals ("the FDCPA Class") defined as follows:

All persons in the United States, from one year prior to the filing of the instant Complaint through the date of the filing of the instant Complaint, to whom Defendant has sent an identical or substantially similar message to that received by Plaintiff and to whom Defendant did not send a notice telling them they could dispute the debt and the steps to dispute the debt.

29.     Numerosity: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the Classes' members through this class action will benefit both the parties and this Court.

30.     Upon information and belief each of the Classes contains thousands of members at a minimum.

31.     Upon information and belief, the Classes' size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's call records.

32.      Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in the class actions, such as by

published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Classes and deemed necessary and/or appropriate by the Court.

33.    Typicality:  Plaintiff's claims are typical of the claims of the members of the Classes.  The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

34.    Upon information and belief, Defendant, using an automatic telephone dialing system within the meaning of the TCPA, made, initiated and/or caused to be initiated at least one text message, identical or substantially similar to the text messages described above that Defendant sent to Plaintiff, to each member of the TCPA Class, without obtaining the Plaintiff's and each member of the Classes' prior express consent.

35.    Upon informaiton and belief, Defendant, made, initiated and/or caused to be initiated at least one text message, identical or substantially similar to the text messages described above that Defendant sent to Plaintiff, to each member of the FDCPA Class and Defendant did not send Plaintiff or any member of the FDCPA class a notice telling them they could dispute the debt and the steps to dispute the debt.

36.     <u>Common Questions of Fact and Law</u>:  There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Classes.

37.     The questions of fact and law common to Plaintiff and the TCPA Class predominate over questions which may affect individual members and include the following:

a.   Whether Defendant's conduct of using an automatic telephone dialing system within the meaning of the TCPA, to make, initiate or cause to be initiated at least one text message to Plaintiff and each member of the TCPA Class, without obtaining their prior express consent, violated the TCPA?

b.   Whether Plaintiff and the members of the TCPA Class are entitled to statutory damages from Defendant under the TCPA?

c.   Whether Defendant's violations of the TCPA were willful or knowing?

d.   Whether Plaintiff and the members of the TCPA Class are entitled to up to triple statutory damages under the TCPA from Defendant for Defendant's willful and knowing violations of the TCPA?

e.  Whether Plaintiff and the members of the TCPA Class are entitled to a permanent injunction under the TCPA enjoining Defendant from continuing to engage in its unlawful conduct?

38.  The questions of fact and law common to Plaintiff and the FDCPA Class predominate over questions which may affect individual members and include the following:

a.  Whether Defendant's conduct of making an initial communication of sending a text message in an attempt to collect a debt without sending the requisite notices under 15 U.S.C. 1692g within five days thereafter violated the FDCPA?

b.  Whether Plaintiff and the members of the FDCPA Class are entitled to statutory damages from Defendant under the FDCPA?

c.  Whether Plaintiff and the members of the FDCPA Class are entitled to actual damages from Defendant under the FDCPA?

d.  Whether Plaintiff and the members of the FDCPA Class are entitled to costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3)?

39.  Adequacy of Representation:  Plaintiff is an adequate representative of the Classes because Plaintiff's interests do not conflict with the interests of the members of the Classes. Plaintiff will fairly, adequately and vigorously represent

12

and protect the interests of the members of the Classes and has no interests

antagonistic to the members of the Classes.  Plaintiff has retained counsel who are

competent and experienced in litigation in the federal courts, class action litigation,

and TCPA and FDCPA litigation.

40.    Superiority:  A class action is superior to other available means for

the fair and efficient adjudication of the claims of the Classes. While the aggregate

damages that may be awarded to the members of the Classes are likely to be

substantial, the damages awarded to individual members of the Classes are

relatively small. As a result, the expense and burden of individual litigation makes

it economically infeasible and procedurally impracticable for each member of the

Classes to individually seek redress for the wrongs done to them.  Plaintiff does not

know of any other litigation concerning this controversy already commenced

against Defendant by any member of the Classes.  The likelihood of the individual

members of the Classes prosecuting separate claims is remote.  Individualized

litigation would also present the potential for varying, inconsistent, or

contradictory judgments, and would increase the delay and expense to all parties

and the court system resulting from multiple trials of the same factual issues.  In

contrast, the conduct of this matter as a class action presents fewer management

difficulties, conserves the resources of the parties and the court system, and would

protect the rights of each member of the Classes.  Plaintiff knows of no difficulty

to be encountered in the management of this action that would preclude its maintenance as a class action.

41.     Injunctive Relief:  Defendant has acted on grounds generally applicable to Plaintiff and members of the Class, thereby making appropriate final injunctive relief with respect to Plaintiff and the members of the Class.

## AS AND FOR A FIRST CAUSE OF ACTION

42.     Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

43.     By Defendant's above-described conduct, Defendant committed thousands of violations of the TCPA against Plaintiff and the members of the TCPA Class.

44.     Accordingly, Plaintiff and the members of the TCPA Class are entitled to statutory damages from Defendant under 47 U.S.C. § 227(b)(3) of greater than $5,000,000 and an injunction against Defendant ordering it to cease its violations of the TCPA.

45.     If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of the TCPA Class request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as

authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000.

## AS AND FOR A SECOND CAUSE OF ACTION

46.     The unsolicited text messages Defendant sent to Plaintiff and the FDCPA Class were an "initial communications" from Defendant in connection with collection of alleged debts.

47.     Defendant failed to send Plaintiff and the FDCPA Class a written notice of their rights within five days after the "initial communication", as is required by 15 U.S.C. § 1692g(a).

48.     Any procedures maintained (i.e., actually employed or implemented) by Defendant to avoid errors under the FDCPA failed to provide the required disclosures.

49.     Defendant violated the FDCPA by not advising Plaintiff and the FDCPA Class of their rights pursuant to 15 U.S.C. § 1692g(a) in Defendant's initial communications or within five days of the initial communications.

50.     Accordingly, Defendant committed thousands of violations of 15 U.S.C. § 1692g.

51.     Plaintiff and the FDCPA Class seek damages pursuant to 15 U.S.C. §1692k and their costs of litigation including, but not limited to a reasonable attorney fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A.     An order certifying the Classes and appointing Plaintiff as the representative of the TCPA and FDCPA Classes and appointing the law firms representing Plaintiff as counsel for the Classes;

B.     An award to Plaintiff and the members of the TCPA Class of more than $5,000,000 against Defendant for their violations of the TCPA;

C.     If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of the TCPA Class request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000;

D.     An injunction against Defendant, on behalf of Plaintiff and the members of the TCPA Class, prohibiting Defendant from violating the TCPA;

E.     A declaration that Defendant violated Plaintiff's and the FDCPA Class's rights under the FDCPA;

F.     That Plaintiff and the FDCPA class be awarded statutory damages pursuant to 15 U.S.C. § 1692k(a) against Defendant in an amount to be determined at a trial by a jury;

G.     That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3); and

H.     Such other and further relief as the Court may deem just and proper.


Dated: Honolulu, Hawaii, January 29, 2020.


Respectfully submitted,

**Justin A. Brackett, Attorney at Law**

*/s/ Justin A. Brackett*
Justin A. Brackett, #9954


**Bellin & Associates LLC**
Aytan Y. Bellin
(Pro Hac Vice Motion to Be Filed)